IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC D. FOLEY, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, FEDERAL BUREAU OF )<br>INVESTIGATION, )<br>      Defendant. ) | C.A. No. 16-203 Erie<br><br><br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I. INTRODUCTION

#### A. Relevant Procedural History

On August 10, 2016, Plaintiff Marc D. Foley filed this *pro se* action seeking the production of documents pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"). Plaintiff's complaint names as Defendant the United States Department of Justice, Federal Bureau of Investigation ("FBI"). Plaintiff seeks documents from Defendant related to an investigation into his business dealings, which resulted in his indictment and conviction for wire fraud and money-laundering arising from his participation in a mortgage-financing fraud scheme.

Presently before the Court is Defendant's renewed motion to dismiss, or in the alternative, for summary judgment [ECF No. 26], to which Plaintiff has failed to respond. In conjunction with the filing its motion, Defendant submitted, *inter alia*, the Second Declaration of David M. Hardy ("Hardy"), Section Chief of the FBI's Record/Information Dissemination Section, Records Management Division [ECF No. 27-1], which has not been opposed by Plaintiff. Thus, the contents of Hardy's second declaration provide the basis for the following

factual recitation.[1]

> **B.   Relevant Factual History**

On September 15, 2014, Plaintiff submitted a FOIA request to the FBI seeking a copy of any and all FBI 302's or any other document with his name on it or concerning his criminal case at 11-10406 in the U.S. District Court for the District of Massachusetts. (ECF No. 21-1, at ¶5). By letter dated October 6, 2014, the FBI informed Plaintiff that the records responsive to his request were located in an investigative file and were, thus, exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). In addition, the FBI's response neither confirmed nor denied the existence of Plaintiff's name on any watch lists. (Id. at ¶ 9). Plaintiff filed an administrative appeal of the FBI's response with the U.S. Department of Justice, Office of Information policy ("OIP") on October 11, 2014; however, the OIP affirmed the FBI's action by letter dated November 10, 2014, and advised Plaintiff of his right to file a lawsuit in the federal district court if he was dissatisfied with the appeal response. ((Id. at ¶¶ 10, 12). Plaintiff subsequently filed the instant lawsuit on August 10, 2016.

Since the filing of this action, Defendant has submitted four (4) interim releases responsive to Plaintiff's FOIA request. The first release occurred on February 10, 2017, and advised that 543 pages of records were reviewed and 107 pages were being released in full or in part. (Id. at ¶ 17). Defendant further advised Plaintiff that duplication costs of $25.00 would be assessed upon submission of the second interim release (Id.). On March 10, 2017, Defendant made its second interim release of records to Plaintiff indicating that 525 pages of records were reviewed and 0 pages were being released in full or in part. (Id. at ¶ 18). Plaintiff was advised

---
[1] The contents of Hardy's Second Declaration include, by reference, the contents of his original Declaration that was previously submitted to the Court on May 18, 2017 [ECF No. 21-1].

that he was required to pay duplication costs of $25.00 within thirty (30) days or all pending FOIA requests filed with Defendant would be closed and any future FOIA requests would be denied (Id.). Plaintiff was also advised that he could appeal Defendant's determination to the OIP within ninety (90) days. (Id.).

By letter dated April 11, 2017, AUSA Jennifer R. Andrade advised Plaintiff that Defendant had not received the required payment of $25.00 for the first two interim releases and that, as a result, the third interim release was being withheld and processing of any future releases had been suspended. (Id. at ¶ 19). On June 15, 2017, Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment stemming from Plaintiff's continued failure to pay the costs associated with the first two interim releases. [ECF No. 20]. Four days later, Plaintiff submitted an electronic payment of the $25.00 due and Defendant subsequently moved to withdraw its motion on July 12, 2017 [ECF No. 23]. Accordingly, Defendant's motion [ECF No. 20] was dismissed as moot by Order of the Court dated July 13, 2017 [ECF No. 24].

On August 10, 2017, Defendant submitted its third interim release of records to Plaintiff, which advised that 516 pages of records had been reviewed and 271 pages were being released, in full or in part. (ECF No. 27-1, at ¶ 8). As before, Plaintiff was advised that he was required to pay duplication costs of $15.00 within thirty (30) days or his pending FOIA request would be closed and any future requests would be denied. (Id.). On September 12, 2017, Defendant made its fourth interim release of records to Plaintiff, advising that 500 pages of records had been reviewed and 65 pages were being released, in full or in part. (Id. at ¶ 9). Since payment of the costs associated with the third interim release had not yet been remitted, Plaintiff was advised that he was required to pay a total of $30.00 within thirty (30) days or his pending FOIA request

3

would be closed and any future requests would be denied (Id.). Plaintiff was also advised of his right to appeal Defendant's determination to the OIP within ninety (90) days. To date, Plaintiff has failed to pay the duplication costs of $30.00, and Defendant has discontinued the processing of his remaining records. Defendant's renewed motion to dismiss, or in the alternative, for summary judgment [ECF No. 26] is now pending.

## II.     DISCUSSION

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies under FOIA by virtue of his failure to pay the duplication costs associated with the third and fourth interim releases of records responsive to Plaintiff's request. As a result, Defendant seeks dismissal of this action, with prejudice.

"A party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by th[e] agency [ ]" from which the documents are requested. Tereshchuk v. Bureau of Prisons, 851 F.Supp.2d 157, 161 (D.D.C. 2012) (citation omitted). Thus, courts have held that a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding under the FOIA. See Tereshchuk, 851 F.Supp.2d at 162, quoting Calhoun v. Dep't of Justice, 693 F.Supp.2d 89, 91 (D.D.C. 2010) ("Where a FOIA request is not made in accordance with the [agency's] published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as '[t]he failure to comply with an agency's FOIA regulations [for filing a proper FOIA request] is the equivalent of a failure to exhaust'"); Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004); Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003); Pollack v. Dep't of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995).

The requirement to exhaust administrative remedies includes following an agency's fee regulations and, where appropriate, paying the fees assessed. 5 U.S.C. § 552(a)(3)(B); <u>Banks v. Dep't of Justice</u>, 605 F.Supp.2d 131, 139 (D.D.C. 2009) ("[P]laintiff failed to exhaust administrative remedies with respect to his FOIA and Privacy Act requests to the FBI because he failed to pay duplication fees"); <u>Antonelli v. Bureau of Prisons</u>, 591 F.Supp.2d 15, 26 (D.D.C. 2008) (exhaustion entails "appealing BOP's adverse determinations to OIP and paying any assessed fees or appealing to OIP the denial of a fee waiver"); <u>Sliney v. Bureau of Prisons</u>, 2005 WL 839540, at *4 (D.D.C. Apr. 11, 2005) ("Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies).

Here, it is undisputed that Plaintiff has failed to pay the duplication fees assessed by Defendant in connection with its third and fourth releases of records responsive to his FOIA request. These releases occurred over one year ago and Plaintiff has failed to respond in any way to Defendant's request for payment. Moreover, the instant motion to dismiss has been pending since January 18, 2018, with no response having been filed by Plaintiff. Based on this record, it is apparent that Plaintiff has failed to exhaust his administrative remedies and that dismissal of this case is warranted. <u>See</u> <u>Tereshchuk</u>, 851 F.Supp.2d at 162 (dismissing unexhausted claims for failure to exhaust administrative remedies and stating that amendment was futile where plaintiff failed to show that he paid the requisite fees under FOIA or sought a fee waiver).

An appropriate Order follows.

_____
SUSAN PARADISE BAXTER
United States District Judge

Dated: November 6, 2018